UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br><br>Theresa Marie Boese-Morales<br><br>Debtor. | CHAPTER 13 CASE<br>CASE NO. 20-40749<br><br>NOTICE OF HEARING AND MOTION FOR RELIEF FROM STAY CH 13 |

TO: Debtor and other entities specified in Local Rule 9013-3(a).

1. Peter Linstroth, (hereinafter "Movant"), by its undersigned attorney moves the Court for the relief requested below and gives notice of hearing herewith.

2. The Court will hold a hearing on this motion on Thursday, December 17, 2020, at 2:30PM, or as soon thereafter as counsel can be heard, before the Honorable Chief Judge Michael E Ridgway in Courtroom 7 West of the above entitled Court located at 300 S 4th St, Minneapolis MN, 55415-2255.

3. Any response to this motion must be filed and served not later than Friday, December 11, 2020, which is five days before the time set for the hearing (including Saturdays, Sundays and holidays).   UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Federal Rule of Bankruptcy Procedure 5005 and Local Rule 1070-1.   This proceeding is a core proceeding.   The petition commencing this case was filed on March 13, 2020.   The case is now pending in this Court.

5. This motion arises under 11 U.S.C. § 362 and Federal Rule of Bankruptcy Procedure 4001.   This motion is filed under Federal Rule of Bankruptcy Procedure 9014 and Local Rules 9013-1 - 9019-1.   Movant requests relief from the automatic stay with respect to

property subject to a lien.   Movant requests said relief be effective immediately notwithstanding Federal Rule of Bankruptcy Procedure 4001(a)(3).

6. Debtor is indebted to Movant as evidenced by that certain lease dated March 21, 2019, 6212 Interlachen Blvd, Edina, MN 55436. A copy of the lease is attached hereto as Exhibit "A".

7. Debtor is in default for the post-petition payments and performance of obligations to Movant.

8. Pursuant to 11 U.S.C. § 362(g) the burden is on Debtor to prove absence of cause and/or adequate protection.   This Movant's interest in the property is not adequately protected where, as of December 01, 2020, Debtor is delinquent for monthly payments as required for the months of October 01, 2020 to December 01, 2020 in the amount of $3,585.00 per month; along with; accruing monthly late charges and attorney's fees and costs.   Debtor has failed to make any offer of adequate protection.

9. Movant desires to protect its interest in the aforementioned property and requests the court to vacate the stay of actions imposed by 11 U.S.C. §362 to allow movant to pursue its remedies under state law.

10. Movant has incurred and will incur legal fees and costs to protect and enforce its rights in the subject property.

WHEREFORE, Movant, by its undersigned attorney, moves the Court for an order

granting relief from the automatic stay provided by 11 U.S.C. § 362(a) -and that, notwithstanding Fed. R. Bankr. P. 4001(a)(3), the order for relief is effective immediately upon entry.

Dated: December 3, 2020

**WILFORD, GESKE & COOK P.A.**

/e/ Orin J. Kipp
Orin J. Kipp, #0390438
Attorneys for Movant
7616 Currell Blvd; Ste 200
Woodbury, MN 55125-2296
(651) 209-3300

March 21, 2019

To: Theresa Morales
    6212 Interlachen Blvd
    Edina, MN 55436

From:  Peter Linstroth
        10137 Indian Ridge Drive
        Reno, NV 89511

Lease is between Peter Linstroth hereafter referred to as owner or landlord and **Theresa Morales**, hereafter referred to as tenant, renter or occupant.

This lease is for 6212 Interlachen Blvd. Edina, MN 55436 is from **12 noon July 1, 2019 to 12 noon June 30, 2020**. Rent due and payable is Thirty five hundred forty five dollars and 00/100 ($3,545.00) per month, payable and due on the first of each month. The tenant will pay the monthly cost for HOME SERVICE PLUS or similar service. There will be no reduction of rent for this payment. In addition, the tenant is responsible for gas, electric, telephone, cable, Internet, water, sewer, trash removal and other City of Edina utilities, all lawn care, shrubbery and plant maintenance and snow removal of the home and property and any other expenses which are contracted by the tenant. Landlord will pay for the extended Home Warranty.

<u>**POTENTIAL FUTURE RENT INCREASES**</u>
If the Real Estate taxes <u>increase</u> in the year 2020 tax year of the lease, the rent will increase on a prorated basis per month beginning January 1, 2020. Rent will not decrease. Real Estate Taxes payable in 2019 are **$11,787.70** (i.e. if $120 increase: $120 / 12 = $10.00 per month.

<u>Renter's Responsibilities and Liabilities</u>
<u>Home is rented AS IS</u>

1. Lease is for One (1) year. Lease shall terminate at the end June 30, 2020. Lease is renewable for an additional year (to June 30, 2021) upon mutual agreement of renter and landlord.
2. Occupant and Owner shall determine not less than ninety (90) days, three full calendar months, prior to the expiration of this agreement whether or not the occupancy will continue and upon what terms. Either Occupant or Owner may elect not to continue this occupancy, in which case the other must be notified in writing not less than ninety (90) days, three full calendar months prior to the expiration date of this agreement. If the occupancy is to continue beyond the termination date, there must be a new agreement signed by both parties.

Initials _____

3. The landlord reserves the right to show the residence to prospective tenants or buyers at reasonable notice (24 hours) and times during day of the last three (3) months of the rental period if the lease is not renewed.
4. If the tenant is unavailable to show the home, the landlord reserves the right for himself or his representative to show the home.
5. The Tenant shall comply and assist in this process at reasonable times during the last three months of the lease.
    a. Tenant shall also have home clean and orderly for potential showings
6. To use said premise as a single family residence only. No more than four adults and their children are to reside in this residence. Residence is not to be used as a public business location.
7. Persons residing at residence are to be of the renter's immediate family (i.e. parents or children) (No extended family (brothers, sisters, cousins, uncle, aunts, etc.))
8. Absent written consent of the Owner to the contrary, occupancy of the residence is limited exclusively to the private residence of those persons who appear as Occupants on this agreement.
9. Occupant must receive written permission from Owner to have guests reside in home with Occupant for more than two weeks in any given six month period.
10. Unit may not be sublet without approval of landlord.
11. To fertilize at renter's expense (four (4) times per year).
    a. Mow the lawn weekly
    b. Trim and maintain shrubs and all landscaping requirements (or pay for these services).
12. To open the irrigation system (By May 1 of each year) and close (By October 15 so the winter freeze does not damage the system), at the renter's expense and to ensure the system waters the lawn properly so the grass and vegetation do not die off.
13. Keep driveway and sidewalk for unit free from snow and ice.
14. Park cars in garage. No unused vehicle may be stored and only one car per driver.
15. Keep lawn, driveway, and other rental areas neat and clean.
16. NO PETS ALLOWED unless agreed to by owner. Landlord agrees to tenants two cats and one dog.
17. NO SMOKING
18. No unauthorized removal of appliances or fixtures.
19. Water softener is maintained at the expense of the renter.
20. Renter will be able to use at no cost to renter but shall maintain the following at the renter's expense the following:
    a. Entertainment Center on Main floor
    b. Entertainment Center in lower level family room
    c. Patio table and chairs
    d. Other furniture agreed to by landlord and tenant.
21. Occupant shall not alter any locks or install new locks, knocker, peephole or other attachment on any door of the residence or install any light fixture, ceiling fan, etc. without the written

Initials _____

consent of Owner. All alterations, additions and fixtures shall remain as part of the residence and become the property of the Owner. Tenant can change the garage door code.

22. The tenant shall make no alterations, nor remove any contents from the premises during or after occupancy, unless specific written consent is first obtained from the landlord. Thus, do not paint, hang pictures or other objects on the walls (This was discussed with tenant and tenant can hang items on walls using the current products that leave a small hole in walls), or in any way alter the internal structure of the residence. Tenant may paint bedrooms provided they are returned to their original color.
23. Renter is responsible for damaged caused by back up water, etc. caused by not doing routine maintenance.
24. Occupant shall maintain residence in a clean and sanitary condition. All needed repairs and failure of any equipment, appliance or part of residence malfunctions will be reported immediately to the landlord in writing, the tenant will cease harmful, dangerous, or damaging activities which might result in damages to the residence. Tenant shall then provide to the landlord actions taken to repair any and all damage of malfunctions. Repair and maintenance will be completed as quickly as possible. Occupant shall pay for all repair, replacements and damages to equipment appliances or any part of apartment or common areas, caused by the act, misuse of neglect of Occupant and/or Occupants' guests, domestic employees and licensees, including but not limited to, damage caused by failure to report a malfunction or needed repair, and the cost shall be deemed owing to Owner as additional rent and payable immediately.
25. Rents shall not be adjusted due to interruption or failure of equipment where such is beyond Owner's control and where such interruption or failure does not exceed reasonable time for repair. Owner is not responsible for delays due to technician delays, parts delays or other delays beyond the Owner's control.
26. Occupant must allow Owner, Management and/or contractors access to residence to complete necessary maintenance. Property damage resulting from Occupant refusing entry, misuse or from Occupant's failure to report repair in a timely manner will be charged back to Occupant. Any damage to the residence, yard, common area, grounds, driveway, etc. caused by Occupant or their guest is the responsibility of the Occupant.
27. Security deposit shall be Three Thousand seven hundred ninety five Dollars ($3,595.00) (see attachment 1).
28. Damage deposit is to be used primarily as a damage deposit. It is not to be used as a payment of rent due unless the tenant defaults on their rent. Damage deposit can be used to pay any delinquent rents after any damages have been paid first.
29. This deposit will be returned upon the tenant's vacating the premises if all provisions of this agreement are complied with, and more specifically, but not limited to compliance with the following provisions:

Initials _____

    a. The residence is left in an undamaged, clean, rentable or saleable condition to be determined by the landlord (i.e. carpets professionally steam cleaned and shampooed, not just vacuumed (A receipt required at check –out). Limited wear and tear excepted.

    b. A thorough house cleaning, walls cleaned from scuff marks and other marks, nail holes filled in and touched up, wood floors cleaned and polished, etc is requited.

    c. All utility bills and other expenses incurred by the tenant, that could be charged to or assessed to the landlord if not paid by the tenant, are all paid in full by the tenant.

30. Occupants shall at all times be responsible for the safety of Occupant's family, all guests and their respective belongings. Occupant agrees to hold Owner harmless from and indemnify Owner against any and all liabilities, damages and expenses arising from injury, damage or loss to or caused by Occupant, Occupant's family, guests, employees, agents, assigns, subtenants, visitors or licensees, or any property of said persons, in or about the buildings or grounds from any cause whatsoever, growing out of or connected with the use and occupancy of or activities in or about the same. This hold harmless and indemnification shall also run in favor of any subsidiaries and employees of Owner and subsidiaries.

31. Owner is not responsible for any damage to property owned by Occupant, Occupant's family, guests, employees, agents, assigns, subtenants, visitors or licensees which is caused by Acts of God, Terrorism, Nature and any other causes outside of the owner's control.

32. **Occupant is encouraged to carry tenant/renter's insurance to protect themselves against any and all such losses. Insurance carried by Owner does not cover any property or liability of Occupant.**

33. If occupant shall default in the payment of any installment of rent, or in the observance or performance of any of Occupant's other covenants, agreements, or obligations hereunder, then Owner may, without process, after five (5) days' notice, re-enter into the home and remove all parties and property there from, and, at its option, annul and cancel this agreement as to all future rights of Occupant and have, regain, and repossess the home. In case of any such termination, Occupant will be liable for and will indemnify Owner against all loss of rents and other damages which Owner may incur by reason of such termination during the residual of the term of this agreement, and also for all attorneys' fees and expenses incurred in enforcing any of the terms of this agreement. In the event two or more parties shall enter into this agreement as Occupants, each is jointly and severally liable for payment of the total rent and other obligations described within the agreement.

34. Tenant agrees to vacate the premises within five (5) days after being notified in writing due to non-payment of rent (which includes utility bills), breach of this agreement, or any other reason deemed prudent by the landlord. In addition to other remedies provide by the law, the landlord may terminate this lease upon said breach. Upon such termination, the landlord shall be entitled to possession of the property, to any unpaid rent, to any damages sustained, and to such attorney's fees as may be recoverable by law. It is further covenanted and agreed between the partied hereto that if any installment if rent herein before identified as not paid at the time

Initials _____

and place agreed upon, although no formal and legal demand shall have been made for the same, or if any of the covenants, conditions, or agreements herein contained shall not be performed or observed by the tenant, according to their full tenure and effort, or in the case of leased premises shall be deserted or vacated, then in either or any of said events, the landlord may proceed to recover possession of said premises in accordance with the laws governing proceedings between landlord and tenant.

35. The tenant will comply with all local laws, ordinances, and regulations covering the premises and use of, and shall not perform or permit any practice that is unlawful or may damage the reputation of, or otherwise be injurious to Owner and avoid doing anything which would void any hazard or other insurance, or increase the rate of insurance maintained on the residence.

36. No loud or unruly behavior shall be permitted and no noise, music or other sounds or conduct shall be permitted at any time in such a manner as disturb or annoy other residents of the neighborhood.

37. Tenants shall not use sheets, blankets, rugs, etc. or any other substitutes for curtains or drapes.

38. The violation of any of these conditions of this agreement shall be sufficient cause for the eviction from said premises, tenants agree to pay all costs of such action, including such reasonable attorney's fees as may be fixed by the court.

39. All rent is due on the **first day** of every month. **Rent is due in advance** for the entire month. A penalty of $50.00 will be paid by the tenant if rent is **received** after the fifth (5th) day of the month and a penalty of $100.00 will be paid by the tenant if rent is **received** after the tenth (10th) day of the month as a late fee. Each additional five days the rent is received late will add an additional $50.00 per five days. Occupancy is for the entire month. Landlord does not waive his rights in this lease by accepting late payments. All payments shall be in the full amount due.

40. Occupant agrees to pay $50.00 service charge to Owner for Non-Sufficient Funds check plus all applicable late fees. Only cash, certified check or money order will be accepted as replacement for NSF funds.

41. Upon termination of this agreement, Occupant shall turn over full possession of the building to Owner and return all keys no later than 12:00 o'clock noon on the last day of the lease term. Occupant understands that if there are damages beyond reasonable wear and tear, Occupants liability is not limited to the amount of the Security deposit/damage deposit. The charge for the lost or missing keys is $100.00 (Locks will need to be replaced).

42. **All provisions of this agreement shall be deemed servable**. The enforceability, illegality or invalidity of any provision herein portion thereof shall not affect the enforceability, legality or validity of any other, further or additional provision hereof, all of which shall remain valid, binding and enforceable in accordance with their terms. Should any provision, term on condition of this agreement be held unenforceable, illegal or invalid as being too broad with respect to duration, scope or subject matter, such provision, term on condition shall be deemed construed to be reduced to the maximum duration, scope or subject matter allowable under applicable law. In addition, in the event that any of the terms of this Lease are in conflict with Minnesota statutes, Chapter 504B Landlord and Tenant laws, Chapter 504B supersedes the

Initials _____

individual provisions of this lease. Only those sections of this lease that are in violation of the Minnesota statue are invalid and the remainder of the lease is valid enforceable.

43. These rules may be added to or amended from time to time by the laws enacted by the City of Edina, State of Minnesota and or US Government.

I have read and understand the above Renter's Responsibilities and Liabilities.

_[signature]_    _[signature]_
Theresa Morales (Tenant)    <Date> 4/1/19    Peter Linstroth (Landlord)    <Date> 4/1/19
SS#_____

_____
TBD (Tenant)    <Date>

SS#_____

Names of Individuals who will be residing with Occupant:

| <Name> | Relation to Occupant | Age |
| <Name> | Relation to Occupant | Age |
| <Name> | Relation to Occupant | Age |
| <Name> | Relation to Occupant | Age |

Initials_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br><br>Theresa Marie Boese-Morales<br><br>Debtor. | CHAPTER 13 CASE<br>CASE NO. 20-40749<br><br>MEMORANDUM IN SUPPORT OF<br>MOTION FOR RELIEF FROM STAY CH 13 |

**ARGUMENT**

I.   CAUSE EXISTS FOR THE GRANTING OF RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) WHERE THE INTEREST OF THIS MOVANT IS NOT ADEQUATELY PROTECTED.

Pursuant to 11 U.S.C. § 362(g) the burden is on Debtor to prove absence of cause and/or adequate protection.   Movant's interest in the property is not adequately protected where:

As of December 01, 2020, Debtor is delinquent for monthly post-petition payments as required for the months of October 01, 2020 to December 01, 2020 in the amount of $3,585.00 per month; along with accruing monthly late charges; and attorney's fees and costs.

Debtor has failed to make any offer of adequate protection. Such circumstances constitute cause, within the meaning of §362(d)(1), justifying relief from the stay. *In re Video East, Inc.*, 41 B.R. 176 (Bankr. E. D. Pa. 1984)

Furthermore, Debtor has failed to meet its contractual obligations to make payments as they become due after the filing of the bankruptcy petition, which failure constitutes "cause" entitling the Movant to relief from the automatic stay under 11 U.S.C. § 362(d)(1).   A continued failure by Debtor to maintain regular payments to Movant is sufficient cause to entitle Movant to relief from the automatic stay.   See *In re Taylor*, 151 B.R. 646 (E.D.N.Y., 1993) and *In re Davis*, 64 B.R. 358 (Bkrtcy. S.D.N.Y., 1986). see also *In re Borm*, 508 B.R. 104 (8th Cir. B.A.P. 2014) (a debtor's failure to comply with the obligations of a confirmed chapter 13 plan

constitutes cause for relief from the automatic stay).

## CONCLUSION

Accordingly, Movant is entitled to an order lifting the stay and authorizing it to pursue its remedies under state law.

Dated: December 3, 2020

**WILFORD, GESKE & COOK P.A.**

/e/ Orin J. Kipp
Orin J. Kipp, #0390438
Attorneys for Movant
7616 Currell Blvd; Ste 200
Woodbury, MN 55125-2296
(651) 209-3300

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                              CHAPTER 13 CASE
                                                    CASE NO. 20-40749
Theresa Marie Boese-Morales
                                                    AFFIDAVIT OF PETER LINSTROTH
        Debtor.

_____

  __Peter Linstroth_____, being first duly sworn on oath, deposes and states:

        That I am a/an _____ of Peter Linstroth.

        1.      That Peter Linstroth, is the holder of a mortgage on real property in which the debtor has an interest.  The debtor's indebtedness is evidenced by that certain lease dated March 21, 2019, 6212 Interlachen Blvd, Edina, MN 55436, executed by Theresa Morales wit:

        2.      That I have reviewed the account records relating to the debtor's residential lease, account no. ending in _____.

        3.      That the residential lease is delinquent for monthly payments as required for the months of October 01, 2020 to December 01, 2020 in the amount of $3,585.00 per month.

        4.      The current tax-assessed value of the property and the Movant's estimated current market value is $903,400.00.

        5.      This affidavit is given in support of the motion of Peter Linstroth for relief from the automatic stay.

                                                    Peter Linstroth
                                                    By_____

Subscribed and sworn to before me
this ___ day of _December_, 2020.

_____
Notary Public

KAYLA JEAN VIOLA
Notary Public
Minnesota
My Commission Expires
Jan 31, 2023

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | CHAPTER 13 CASE<br>CASE NO. 20-40749 |
| Theresa Marie Boese-Morales | UNSWORN DECLARATION FOR PROOF |
| Debtor. | OF SERVICE |

      Laura Francis, employed by Wilford, Geske & Cook P.A., attorneys licensed to practice law in this Court, with office address at 7616 Currell Blvd; Ste 200, Woodbury, MN 55125-2296, declares that on December 3, 2020, I served the annexed Notice of Hearing and Motion for Relief from Stay, Memorandum in Support of Motion for Relief from Stay, Affidavit of Peter Linstroth, and proposed Order to each person referenced below, a copy thereof by enclosing the same in an envelope with first class postage prepaid and depositing same in the post office at Woodbury, Minnesota addressed to each of them as follows:

Theresa Marie Boese-Morales
6212 Interlachen Blvd
Edina, MN 55436-1137

and delivered by e mail notification under CM/ECF on the day e-filed with the Court to each of them as follows:

Walter Hodynsky

Gregory A Burrell

U.S. Trustee

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: December 3, 2020

                                                            /e/ Laura Francis
                                                            Laura Francis

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                           CHAPTER 13 CASE
                                                 CASE NO. 20-40749

Theresa Marie Boese-Morales
                                                 ORDER
            Debtor.

_____

**ORDER GRANTING RELIEF FROM STAY**

This case is before the court on the motion of Peter Linstroth, for relief from the automatic stay imposed by 11 U.S.C. § 362(a).

Based on the record, the court finds that grounds exist under 11 U.S.C. § 362(d) to warrant relief.

IT IS ORDERED:

1. The motion for relief from stay is granted as follows.

2. The automatic stay imposed by 11 U.S.C. § 362(a) is terminated such that the movant may exercise its rights and remedies under applicable nonbankruptcy law with respect to the following property:

    Residential lease on 6212 Interlachen Blvd, Edina, MN 55436

3. Notwithstanding Fed. R. Bankr. P. 4001(a)(3), this order is effective immediately.

Dated:

_____
United States Bankruptcy Judge