UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

In re:

                                                                                                 Case No. 20-40749

Theresa Marie Boese-Morales,

                                                                                                  Chapter 13 Case

               Debtor.                                Chief Judge Michael E. Ridgway

**DEBTOR'S RESPONSE OBJECTING TO CREDITOR'S MOTION TO DISMISS CHAPTER 13 CASE**

To the creditor and other entities specified by Local Rule.

1. The debtor, Theresa Marie Boese-Morales, by her undersigned counsel, hereby responds to Creditor, Peter Linstroth's Notice of Motion and Motion to Dismiss Chapter 13 Case by opposing said Motion and objecting to the relief requested of either the Chapter 13 case being dismissed or converted to a Chapter 7 Case.

2. The debtor, Theresa Marie Boese-Morales, by her undersigned counsel, hereby affirmatively states that the creditor has failed to establish a basis for relief requested herein that the Chapter 13 Case be Dismissed or Converted to a Chapter 7 Case.

3. That as a result, the Creditor's Motion to Dismiss the Chapter 13 Case or Convert it to Chapter 7 Case must be denied.

WHEREFORE, The Debtor respectfully requests that the Creditor's Motion to Dismiss the Chapter 13 Case or Convert it to Chapter 7 Case be denied in its entirety.

MILAVETZ, GALLOP & MILAVETZ, P.A.

Dated: 7/7/21            By: /s/ Walter Hodynsky
                              Walter Hodynsky, Esq., (45676)
                              Attorneys for Debtor
                              1915 – 57th Avenue North
                              Brooklyn Center, MN 55432
                              (763) 560 – 0000
                              whodynsky@milavetzlaw.com

## VERIFICATION

I, Walter Hodynsky, attorney for the debtor, Theresa Marie Boese-Morales, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Dated: 7/7/21            By: /s/ Walter Hodynsky
                              Walter Hodynsky, Esq., (45676)
                              Attorneys for Debtor
                              1915 – 57th Avenue North
                              Brooklyn Center, MN 55432
                              (763) 560 – 0000
                              whodynsky@milavetzlaw.com

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

---

In re:

Theresa Marie Boese-Morales,

Debtor.

Case No. 20-40749

Chapter 13 Case

Chief Judge Michael E. Ridgway

---

### AFFIDAVIT OF THERESA MARIE BOESE-MORALES

---

I, Theresa Marie Boese-Morales the Debtor in the foregoing Motion brought by the Creditor, Peter Linstroth, declare under penalty of perjury that the forgoing is true and correct according to the best of my knowledge, information, and belief.

1. In Part 5 of my confirmed Chapter 13 Plan, I did assume my unexpired lease of the premises granted to me by Peter Linstroth, which in said Part 5 states in pertinent part, "debtor will pay directly to the Creditor payments which come due after the date the petition was filed."

2. However, shortly after my Chapter 13 Petition was filed on March 18, 2020, the Covid-19 pandemic hit severely affecting my financial situation and altering my daily life. Although I was able to continue working until April 14, 2020, I was then furloughed and left without any regular income for the next six (6) months, until I returned to work on October 11, 2020. I only had my weekly unemployment compensation benefits to live on.

3. Notwithstanding the foregoing, I was able to continue paying my full monthly rental payment of $3,585.00 through September, 2020, by using my savings and retirement funds. However, when these ran out, I had to choose between feeding my family and keeping the power on and making my other necessary payments, so I did what I had to survive under the circumstances.

4. However, I did not ignore my rental obligation to the Creditor and on several occasions I sought to negotiate a temporary reduction in my monthly rental payment with Mr. Linstroth, to pay him what I could afford to pay. He would not budge on his demand for full monthly payment, stating it was "either all or nothing." And, since I could not afford to make the full monthly payment, and he would not accept anything less, it was by his choice that he received no monthly payments during this period of time.

5. Then, in December, 2020 Mr. Linstroth brought an Action to Lift the Stay before the Court so that he could proceed and bring an eviction action against me to remove me from the premises, despite the Governor's and President's moratorium in effect on evictions on tenants for failing to pay rent.

6. Notwithstanding the foregoing Moratoriums, the Court issued its Order Granting Relief from Stay on January 7, 2021, providing that, "the movant may exercise its rights and remedies under applicable nonbankruptcy law with respect to the following property: residential lease on 6212 Interlachen Blvd, Edina, MN 55436."

7. The Creditor has nothing further to gain from the dismissal of my Chapter 13 Case because he has already received the right to pursue his nonbankruptcy law remedies by the Court in its granting Relief from Stay dated January 7, 2021, and he has failed to do so.

8. Additionally, the rental arrears referenced by the Creditor in his Motion to Dismiss and his supporting Affidavit are a non-priority unsecured debt that my attorney in good faith offered to amend in my Chapter 13 Plan to include them therein, for payment in the plan, as any other unsecured debt which was rejected by the Creditor.

9. Furthermore, the Creditor has not established cause by showing that my failure to pay rent under the circumstances presented is a "material default by the debtor with respect to the terms of the confirmed plan." He has cited no authority in support thereof. And, in any event, it cannot be found that the dismissal of the Chapter 13 Case or conversion to a Chapter 7 (even if provided for) would be seen as "in the best interest of the Creditors and estate," as creditors would receive no payments thereafter under the Chapter 13 Plan were it dismissed, much less the benefit of increased payments that are provided for in the step-up provisions in the Chapter 13 Plan from $588.00 per month after the first thirty-six (36) months to $1,442.50 monthly payments for the next eighteen (18) months and finally, $1,633.95 monthly payments for the last six (6) months. Obviously, for the Creditors to receive nothing as opposed to something by the Chapter 13 Plan being in place, it is clearly not in their best interest or that of the estate to convert the Chapter 13 Plan to a Chapter 7 Plan and to have their debts discharged entirely.

10. WHEREAS, I respectfully request the Court to deny the Creditor's Motion to Dismiss the Chapter 13 Case or to Convert it to a Chapter 7 Case.

FURTHER AFFIANT SAYETH NOT.

I, Theresa Marie Boese-Morales, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Date: 7/5/21

Theresa Marie Boese-Morales

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

In re:

Theresa Marie Boese-Morales,

Debtor.

Case No. 20-40749

Chapter 13 Case

Chief Judge Michael E. Ridgway

MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S OBJECTION TO CREDITOR'S MOTION TO DISMISS OR CONVERT CHAPTER 13 CASE TO CHAPTER 7

Theresa Marie Boese-Morales, debtor by the undersigned counsel, submits this Memorandum of Law in support of her Responsive Motion to Dismiss and Deny Creditor's Motion to Dismiss or Convert Chapter 13 Case to Chapter 7.

## FACTS

The facts of this matter are set forth in the Affidavit of the Debtor in support of her Responsive Motion and Objection to the Creditor's Motion to Dismiss or Convert Chapter 13 Case to Chapter 7. As stated in said Affidavit, Debtor was furloughed from her position in April, 2020 and thereafter went on unemployment benefits which she continued to receive until she returned to work in October 2020. During this period of time, she exhausted her savings and retirement in making her monthly rental payments of $3,585.00 through September, 2020. Thereafter, she was unable to make her monthly rent payments.

As a result in December, 2020, Creditor brought a Motion from Relief of Stay from the Chapter 13 Plan, presumably in order to be able to evict the Debtor from her premises for her nonpayment of rent. The Motion for Relief from Stay was granted by Court Order of January 7,

1

2021, with the Court providing in paragraph 2 thereof "the automatic stay imposed by 11 U.S.C. § 362(a) is terminated such that the movant may exercise its rights and remedies under applicable nonbankruptcy law with respect to the following property: Residential lease on 6212 Interlachen Blvd, Edina, MN 55436." The Creditor, therefore, does not need to now move the Court to dismiss the Chapter 13 Plan but can proceed to "exercise its rights and remedies under applicable nonbankruptcy law." However, beginning in March, 2020 and continuing, both under a subsequent Presidential Executive Order and the original Executive Order of Governor Walz, a moratorium was put into effect on evictions of tenants due to the Covid-19 pandemic. The reasoning provided for the moratorium was that as a matter of public policy, it would serve no purpose to put thousands, if not millions of tenants, into the streets or shelters where they would be potentially exposed to the deadly virus, Covid-19, increasing its spread, and require hospitalization and thereby increase the strain on the already stretched to the limit hospital and medical system in the United States, rather than allowing them to stay at home during the pandemic, even if they were unable to make their monthly rent payments. In that regard, Minnesota Lieutenant Governor Peggy Flanagan, "pronounced the moratorium a success, … asserting that the step saved more than two-thousand lives."[1]

The aforementioned moratorium on evictions has continued with President Joe Biden's administration extending the same through July 31, 2021. Governor Walz, likewise, through his issuance of Executive Orders, would have the moratorium expire on June 30, 2021, but for the fact that under recently enacted legislation, the moratorium on evictions for nonpayment of rent for individuals who do not qualify for rental assistance goes through September 12, 2021. And,

---

[1] St. Paul Pioneer Press, July 1, 2021, at page 6A, "With Eviction Moratorium Ending, What Comes Next?"

2

for those eligible renters with pending applications for rental assistance, the moratorium was extended through June 1, 2022.

However, the debtor, has on several occasions attempted to negotiate with the creditor to pay a lesser amount than the $3,585.00 per month rent that was outstanding on her lease arrangement. Unfortunately, the creditor's position in that regard was either "my way or the highway" and he would not listen to any lesser monthly payments that the debtor could afford and offered to make. Essentially, his position on the matter was consistently pay the entire amount or nothing at all. Nevertheless, the Executive Orders issued by Governor Walz encouraged the landlords and tenants to negotiate on the terms of rental payments during the Covid-19 pandemic, so that if the tenant could afford to make a payment, the landlord should be able to accept it. This was not the case here as the creditor adamantly refused to negotiate and insisted on the full payment throughout the moratorium period.

## ARGUMENT

The creditor's Motion to Dismiss or Convert the Chapter 13 Case to a Chapter 7 Case is premised primarily on 11 U.S.C. § 1307(c) and 11 U.S.C. § 1112(b) which governs the conversion and dismissal of cases under the Bankruptcy Code. 11 U.S.C. § 1307(c)(6) provides that:

> "the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—(6) material default by the debtor with respect to a term of a confirmed plan."

3

Therefore, in order for the creditor to establish a case for conversion or dismissal he must show cause under the Code and specifically, that there is a material default by the debtor with respect to the terms of the confirmed plan. In this particular case, the creditor maintains that this falls under Part 5 of the debtor's Chapter 13 Plan, which provides that "debtor will pay directly to creditors all payments that come due after the date the petition was filed." However, there is nothing stated therein that any failure to do so would constitute a material default subjecting the debtor to either a dismissal or conversion of the Chapter 13 Plan. Nor has the creditor cited any authority which would establish that when the debtor in this case failed to pay monthly rental payments during the Covid-19 pandemic after she became unemployed and unable to make those payments, would constitute a material default by the debtor with respect to the terms of the confirmed plan.

And, even if, arguendo, the Court would find that this constituted a material default, the debtor submits that the creditor comes to the Court with unclean hands in that the debtor had offered on several occasions to negotiate with the creditor as to what monthly payments she could afford to make given her financial circumstances precipitated by the Covid-19 pandemic. However, the creditor would not enter into any such negotiations and adamantly refused to accept anything less than the full monthly payment required under her lease. However, such negotiations were encouraged by the moratorium provisions imposed both by federal and state authorities on the eviction process that landlords could have otherwise utilized under applicable state law. Stated otherwise, though the moratorium did not cancel the rental payment obligation of a tenant to a landlord, it did encourage the parties to negotiate in circumstances where the tenant could not afford to make the monthly payments, but tried to make lesser payments, which the creditor adamantly refused to accept. As such, he cannot stand to now complain that debtor,

4

failing to make the full monthly payment, constitutes a material default under 11 U.S.C. § 1307(c)(6) supporting creditor's Motion to Convert or Dismiss the Chapter 13 Plan.

Furthermore, it cannot be found that either a conversion or dismissal of the debtor's Chapter 13 Plan at this time would be "in the best interest of the creditors and the estate." Afterall, the debtor has been able to continue making all of her monthly payments of the Chapter 13 plan and is not in arrears at this time. As a result, the creditors have been receiving a regular monthly dividend in payments from the plan and would continue to do so in the future, if the plan were to be allowed to continue and not be dismissed or converted. Dismissal of the Chapter 13 Plan would not only cease the monthly payments that the creditors have been receiving through the debtor's monthly payment to the Chapter 13 Trustee, but under the terms of the modified plan that current monthly payment of $588.00 extending for thirty-six (36) months, would be stepped up to $1,442.50 for another eighteen (18) months thereafter, and then, finally, to $1,633.95 for the remaining six (6) months. As such, if the Court were to grant the creditors' relief and dismiss the plan, not only would the creditors be out of receiving any payments whatsoever on their debts, but also the certainty of increasing those monthly payments during the step-up provisions of the monthly payment plan previously confirmed by the Court would be negated. Clearly, that certainly would not be in the best interest of the creditors or the estate, as it would be for the debtor to continue in her Chapter 13 Plan and to continue making her monthly payments, as she has done in the past.

Similarly, if the Chapter 13 Plan can be converted to a Chapter 7, which it likely cannot based on the income level of the debtor at this time, a Chapter 7 conversion would result in an outright discharge of the debts of all unsecured creditors who are presently receiving monthly payments under the Chapter 13 Plan. As such, obviously a discharge of the debts would leave the

5

creditors with nothing, which is not in their best interest. Therefore, it cannot be shown that either a dismissal of the Chapter 13 Plan or a conversion of it to a Chapter 7 would be in the best interest of the creditors or the estate. As such, the creditor has not met its two-step burden to establish cause through a material default with respect to the terms and conditions of the confirmed plan nor that it could be found that the conversion or the dismissal of the Chapter 13 Plan would be in the best interest of the creditors and the estate. Clearly it would not, requiring that the Motion be denied.

## CONCLUSION

For the reasons stated above, the creditor has not established cause by showing a material default by the debtor in failing to comply with respect to the terms of the confirmed Chapter 13 Plan under the circumstances presented herein. However, arguendo, even if the creditor were able to establish material default by the non-payment of rent, he comes to the Court with unclean hands in failing to negotiate with the debtor on a reasonable monthly rent payment that the debtor could afford to make as was provided for under the Federal and State moratoriums on evictions of tenants for their failure to pay rent. Finally, and again for the reasons stated above, the creditor cannot show that it would be in the best interest of the creditors and the estate to either dismiss or convert the Chapter 13 Plan to a Chapter 7 Plan. Obviously, the dismissal of the Chapter 13 Plan would prohibit any further dividend payments to the creditors while a conversion to a Chapter 7 Plan, even if feasible, would discharge their debts outright, including the Creditor's for back rent owing. As such, for the reasons stated, the debtor respectfully submits that the creditor's Motion for Dismissal or Conversion to a Chapter 7 Plan should be denied in its entirety.

Case 20-40749   Doc 31   Filed 07/07/21   Entered 07/07/21 15:49:09   Desc Main
Document     Page 13 of 14

RESPECTFULLY SUBMITTED

MILAVETZ, GALLOP & MILAVETZ, P.A.

Dated: 7/7/21    By: /s/ Walter Hodynsky
Walter Hodynsky, Esq., (45676)
Attorneys for Debtor
1915 – 57th Avenue North
Brooklyn Center, MN 55432
(763) 560 – 0000
whodynsky@milavetzlaw.com

## VERIFICATION

I, Walter Hodynsky, attorney for the debtor and the Respondent named in the forgoing Motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Dated: 7/7/21    By: /s/ Walter Hodynsky
Walter Hodynsky, Esq., (45676)
Attorneys for Debtor
1915 – 57th Avenue North
Brooklyn Center, MN 55432
(763) 560 – 0000
whodynsky@milavetzlaw.com

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

---

In re:                                                          Chapter 13 Case

                                                                 **Case No. 20-40749**

Theresa Marie Boese-Morales,

Debtor.

---

**UNSWORN DECLARATION OF PROOF OF SERVICE**

---

I, Alex Shonkwiler, employed by Milavetz, Gallop and Milavetz, P.A., attorneys licensed to practice law in this Court with address of 1915 57th Avenue North, Brooklyn Center, MN 55430, declare under penalty of perjury that on  7/7/21 , I served the annexed Memorandum of Law in Support of Debtor's Objection to Creditor's Motion to Dismiss or Convert Chapter 13 Case to Chapter 7; Debtor's Response Objecting to Creditor's Motion to Dismiss Chapter 13 Case; Affidavit of Theresa Marie Boese-Morales and Proposed Order Denying Creditor's Motion to Dismiss or Convert Chapter 13 Case to each person referenced below by enclosing the same in an envelope with first class mail postage prepaid and depositing the same in the post office at Brooklyn Center, Minnesota:

Orin J. Kipp, Esq.
Attorney for Creditor
Wilford, Geske & Cook, P.A.
8425 Seasons Parkway, Suite 105
Woodbury, MN 55125

And delivered by email notification under CM/ECF on the day e-filed with the Court to each of them as follows:

Gregory A. Burrell
US Trustee

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: 7/7/21                                              /s/ Alex Shonkwiler
                                                            Alex Shonkwiler
                                                            Milavetz, Gallop and Milavetz, P.A.