UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

------------------------------

In re:                                                                   Case No. 20-40749 MER

    *Theresa Boese-Morales,*

                                                                                      Chapter 13 Case

             Debtor.

------------------------------

TRUSTEE'S REPORT TO MOTION TO DISMISS

------------------------------

TO:  All parties in interest pursuant to Local Rule 9013-3.

     1.     Gregory A. Burrell, chapter 13 trustee, submits this report as required under Local Rule 2015-1.

     2.     As of the date of this report the amount of payments due to the trustee is $8,820. The debtor paid $9,408 to the trustee and is current in plan payments through the end of July 2021. All payments received through June 28, 2021 have been distributed to the class of general unsecured creditors, who have filed claims, on a pro rata basis.  The trustee is holding $557.29.

     3.     The trustee does not oppose the motion.  To remain in a chapter 13 case and receive a discharge a debtor must complete the obligations that they proposed to do in their confirmed plan.  Payments made directly to a mortgage lender are payments under the plan and failure to make those payments is a material default with a term of the plan and supports cause to dismiss a chapter 13 case under 11 U.S.C. § 1307(c).  *See In re Heinzle,* 511 B.R. 69, 82 - 83 (Bankr.W.D. Texas 2014); *In re Kessler,* 655 Fed.Appx. 242 (5th Cir. 2016). "Appellant has failed to successfully complete the direct payments according to the terms of the plan ..[and] Appellant has materially defaulted and ….the only remedies available to the Appellant under 11 U.S.C. § 1307 are either conversion or dismissal." *Evans v Stackhouse*, 564 B.R. 513, 533 (E.D. Va. 2017)  affirming  *In re Evans*, 543 B.R. 213 (Bankr.E.D. Va. 2016).[1]  Part 5 of the plan "makes a provision for"  the lease obligation– (i.e. the debtor will pay the monthly amounts due). *See Rake v. Wade,* 508 U.S. 464, 474 (1993). There is no reason to treat the failure to pay an assumed direct residential lease payment that is provided for in the plan any different than a failure to pay a direct residential mortgage payment.

---

[1] There is a minority view that direct payments to secured creditors are not payments under that plan.  *See In re Simmons*, 608 B.R. 602, 608-610 (Bankr.S.D. Ga. 2019)(collecting cases).  The majority position is bolstered by congress's temporary amendments in 11 U.S.C. § 1328(i) which allow for a discharge if the debtor, among other things, is three or less payments in default on their mortgage.  *See* 11 U.S.C. §1328(i). The importance of direct payments is strengthened by the fact that this provision sunsets on December 27, 2021. Whether the cases started off as an objection to discharge or as a motion to dismiss the ultimate result should be the same: to get what you want, you have to do as you promised.

4.	The debtor argues that the COVID-19 pandemic excuses her obligations under the plan or precludes the movant's remedies under the bankruptcy code. The confirmed plan is a res judicata and the terms become binding on the debtor and creditors alike. *Bulllard v Blue Hills Bank,* 575 B.R. 496, 502 (2015). There is nothing in the state or federal emergency orders that alter the terms of the debtor's plan.

5.	The trustee does not oppose the motion to dismiss.

Gregory A. Burrell, Chapter 13 Trustee

Dated: July 9, 2021

Signed: /e/ Jeffrey M. Bruzek
Jeffrey M. Bruzek, ID # 319260
Heather M. Forrest, ID # 398764
Counsel for Chapter 13 Trustee
Fifth Street Towers
100 South Fifth Street, Ste. 480
Minneapolis, MN 55402
(612) 338-7591
Email: jmb@ch13mn.com

VERIFICATION

I, Jeffrey M. Bruzek, employed by Gregory A. Burrell, the Chapter 13 Trustee, declare under penalty of perjury that the foregoing is true and correct.

Executed on: July 9, 2021

Signed: /e/ Jeffrey M. Bruzek

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

------------------------------
In re:  Case No.: 20-40749 MER

*Theresa Boese-Morales,*

Chapter 13 Case

Debtor.
------------------------------

Proof of service

------------------------------

UNSWORN DECLARATION FOR PROOF OF SERVICE

I, Jeffrey Bruzek, employed by Gregory A. Burrell, Chapter 13 Trustee, declare that on July 9, 2021, I served the trustee's report to the motion to dismiss in this case by electronic mail, as disclosed on the Notice of Electronic Filing herein, and on the individual(s) listed below, in the manner described:

By first class U.S. mail, postage prepaid:

Theresa Boese-Morales
6212 INTERLACHEN BLVD
Edina, MN 55436

And I declare, under penalty of perjury, that the foregoing is true and correct.

Executed: July 9, 2021                    /e/ Jeffrey Bruzek